UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHON WILLIAMS,

                                                    Plaintiff,

                           -against-                                                    22-CV-4022 (LTS)

SRG COLBY, GRIEVANCE                                                    ORDER OF DISMISSAL
COORDINATOR; OFFICER THOMPSON,
ORANGE COUNTY LAW
ENFORCEMENT,

                                                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently detained in the Orange County Correctional Facility, brings this

*pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional

rights. Because Plaintiff alleges that Defendants violated his religious freedom, the Court

construes the complaint as asserting claims under the Free Exercise Clause of the First

Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). By order

dated June 3, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that

is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the

complaint but grants Plaintiff 30 days' leave to replead his claims under RLUIPA and the Free

Exercise Clause of the First Amendment.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

_____

        [1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely

possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Rashon Williams brings this action under 42 U.S.C. § 1983, alleging that

Defendants violated his federal constitutional rights. The Court construes the complaint as

asserting claims that Defendants violated Plaintiff's religious freedom under the Free Exercise

Clause and RLUIPA. Plaintiff names as Defendants Sergeant E. Colby, who Plaintiff identifies as

a Grievance Coordinator at the Orange County Jail; Correction Officer Thompson; and "Orange

County Law Enforcement." (ECF 1, at 3.)

Plaintiff states that the events giving rise to his claims occurred in Block B of the Orange

County Jail on April 28, 2022. The complaint states, "My 1st Amendment Right to Freedom of

Speech, Religion & Grievance were violated by the two said Defendants," and refers the Court to

various attachments to the complaint. (*Id.* at 4.)

The following allegations are taken from the attachments to Plaintiff's complaint. An

April 30, 2022, letter addressed to "Grievance Coordinator," states that on the evening of April

28, 2022, Plaintiff was "practicing my religion on peace making my prayer as I am a faithful

Muslim."[2] (*Id.* at 11.) Plaintiff heard "a loud voice with complete disrespect, racism &

prejudicial antagonizing mimics with mockery toward my Muslim prayer, language & religion."

(*Id.*) He stopped his prayer and "looked out my cell with dis[g]ust" and discovered that the voice

was coming from Officer Thompson. (*Id.*) Plaintiff called Thompson to his cell, but Thompson

"had nothing to say not even as much as an apology." (*Id.*) The following morning Plaintiff

---

[2] Plaintiff writes with irregular capitalization. For readability, the Court uses standard
capitalization when quoting from the complaint.

complained of Thompson's behavior to Lieutenant Moreno and requested action be taken. Plaintiff also requested to "speak to mental health due to the mental anguish inflicted" on him by Thompson. (*Id.*) Plaintiff also attaches to the complaint a "Sworn Affidavit of Witnesses" signed by twelve other inmates corroborating Plaintiff's allegations that Thomson was "mocking" Plaintiff while he was in act of praying. (*See id.* at 10.)

Plaintiff also attaches a May 9, 2022, "Grievance Coordinator's Decision" signed by Defendant Sergeant Colby denying Plaintiff's grievance regarding Thompson's behavior on the grounds that "there was no evidence found to substantiate [Plaintiff's] claims." (*Id. a*t 13.) Plaintiff includes a handwritten note on the decision stating, "no hearing was conducted nor were witnesses questioned. Clear abuse of power" by Colby. (*Id.*)

Finally, Plaintiff attaches a May 9, 2022, letter addressed to "Your Honor" in which he alleges that Colby violated his "1st Amendment right to grievance" because "no proper investigation was conducted" and neither Plaintiff nor any of his witnesses were called to testify. (*Id.* at 14.)

Plaintiff alleges that because of Defendants' actions, he has suffered mental anguish including "intense & extreme anxiety & discomfort." (*Id.* at 5.)

Plaintiff seeks "all relief [the Court] deems fit & proper," including punitive damages. (*Id.*)

## DISCUSSION

### A.  Claims against "Orange County Law Enforcement"

Plaintiff's claims against "Orange County Law Enforcement," which the Court understands to be a reference to the Orange County Sheriff's Office, must be dismissed because municipal agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In

New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). The Court therefore dismisses Plaintiff's claims against "Orange County Law Enforcement" for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims against Sergeant Colby**

The Court must dismiss Plaintiff's constitutional claims against Colby arising from Colby's alleged failure to investigate properly or process Plaintiff's grievance. Courts in the Second Circuit have held that "a prisoner has no constitutional right to a prison grievance procedure or to have his grievances investigated." *Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 434 (S.D.N.Y. 2012) (collecting cases). "[I]nmate grievance programs created by state law are not required by the Constitution, and consequently[,] allegations that prison officials violated those procedures [do] not give rise to a cognizable § 1983 claim." *Harris v. Westchester Cnty. Dep't of Corr.*, No. 06-CV-2011, 2008 WL 953616, at *5 (S.D.N.Y. Apr. 3, 2008) (internal quotation marks and citations omitted, second alteration in original). Thus, prisoners "do not have a due process right to a thorough investigation of grievances." *Roseboro v. Gillespie*, 791 F. Supp. 2d 353, 380 (S.D.N.Y. 2011) (internal quotation marks and citation omitted); *see also Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (finding that "correction officers' failure to properly address [the plaintiff's] grievances by conducting a thorough investigation to his satisfaction does not create a cause of action for denial of due process because [the plaintiff] was not deprived of a protected liberty interest").

As correction officials do not have a constitutional obligation to provide Plaintiff with grievance procedures or to perform a thorough investigation of his grievances, his claims against Colby concerning the grievance process are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Religious Freedom Claims

Because Plaintiff alleges that Defendant Thompson violated his freedom of religion, the Court construes Plaintiff's allegations as asserting claims under the Free Exercise Clause of the First Amendment and under RLUIPA.

### 1.    The Free Exercise Clause

The Free Exercise Clause protects individuals from "indirect coercion or penalties on the free exercise of religion [by government officials], not just outright prohibitions." *Lyng v. N.W. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450 (1988). For a Free Exercise claim, the question at the pleading stage is whether the plaintiff has alleged facts showing that the "defendant[] significantly interfered with [the plaintiff's] religious beliefs." *McEachin v. McGuinnis,* 357 F.3d 197, 203 (2d Cir. 2004); *Jones v. Goord*, 435 F. Supp. 2d 221, 256 (S.D.N.Y. 2006) (noting that, in this Circuit, "a claim of 'significant[ ] interfere[nce] with . . . religious beliefs' is sufficient to state a constitutional claim." (quoting *McEachin,* 357 F.3d at 203) (alterations in original))). There may, however, "be inconveniences so trivial that they are most properly ignored." *McEachin*, 357 F.3d at 203 n.6.

### 2.    RLUIPA

Under RLUIPA, the government may not "substantial[ly] burden" an institutionalized person's religious exercise unless the burden furthers a compelling governmental interest by the

6

least restrictive means.[3] *Jova v. Smith*, 582 F.3d 410, 415 (2d Cir. 2009). RLUIPA provides institutionalized persons with "greater protection" to exercise their religious beliefs than the First Amendment. *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015) ("RLUIPA's 'substantial burden' inquiry asks whether the government has substantially burdened religious exercise . . . , not whether the RLUIPA claimant is able to engage in other forms of religious exercise."). A "substantial burden" is one that places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Singh v. Goord,* 520 F.Supp.2d 487, 498 (S.D.N.Y.2007) (citing, *inter alia, Jolly v. Coughlin,* 76 F.3d 468, 477 (2d Cir.1996)). Inconvenience alone is insufficient to establish a substantial burden. *Id.* (citing *Westchester Day School v. Village of Mamaroneck,* 379 F.Supp.2d 550, 557 (S.D.N.Y.2005)).[4]

　　3.　　Plaintiff's claims

　　Plaintiff fails to state a claim under either the Free Exercise Clause or RLUIPA. Plaintiff alleges that on a single occasion, Thompson disrupted his prayers by verbally harassing him and mocking his religion. A single interruption of Plaintiff's religious practices, however, does not suggest a "substantial burden" on his religious beliefs. *See, e.g.*, *Brown v. Graham*, 470 F. App'x 11, 15 (2d Cir. 2012) (holding that a defendant's failure to provide a prisoner with "a kosher meal on a single occasion" does not rise to the level of a substantial burden); *Hamilton v. Countant*,

---

[3] RLUIPA states, "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

[4] RLUIPA does not provide for monetary damages against state officials sued in their official capacities. *Sossamon v. Texas*, 563 U.S. 277, 293 (2011). And the Second Circuit has held that RLUIPA does not create a private right of action against state officials sued in their individual capacities. *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) (per curiam).

No. 13-CV-0669, 2016 WL 881126, at * 7 (S.D.N.Y. Mar. 1, 2016) (noting that courts in this district have refused to impose liability where a prisoner is denied "a limited number" of meals that conform to his religious diets and collecting cases); *Hankins v. NYS Dep't of Corr. Servs.*, No. 9:07-CV-0408, 2008 WL 2019655, at *6 (N.D.N.Y. Mar. 10, 2008) (stating that "[c]ourts have found that causing a prisoner to miss one religious service does not constitute a violation of RLUIPA" and citing cases).

Furthermore, at least two courts in this Circuit have held that allegations of verbal harassment or verbal abuse, without an additional burden or interference, are insufficient to state a claim under the Free Exercise Clause or RLUIPA. *See Castillo v. Hart*, No. 20-CV-6148, 2020 WL 5095941, at *3 (S.D.N.Y. Aug. 28, 2020) ("[A]lthough Plaintiff alleges that Defendants harassed him during Ramadan, he does not allege any facts suggesting that they interfered with or substantially burdened his ability to practice his religion."); *Coston v. DOCCS*, No. 20-CV-0350, 2020 WL 1189306, at *3 (S.D.N.Y. Mar. 11, 2020) ("Plaintiff's assertions that a corrections officer made negative comments about his religion are insufficient to state plausible claims for relief under RLUIPA or the First Amendment.")

Because Plaintiff alleges only a single instance in which his prayers were interrupted by verbal harassment, the complaint does not suggest that Defendants substantially burdened or significantly interfered with Plaintiff's religious beliefs. Plaintiff's allegations instead suggest a single interruption that is not actionable under the Free Exercise Clause or RLUIPA. The Court therefore dismisses Plaintiff's claims under the Free Exercise Clause and RLUIPA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(20(B)(ii).

**D.   Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**E.      Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Free Exercise or RLUIPA claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims. To state a claim, Plaintiff must allege facts suggesting that Defendants "substantially burdened" or "significantly interfered with" his religious beliefs. Because RLUIPA does not create a private right of action against state officials in their individual capacities and does not provide for monetary damages, if Plaintiff asserts

claims under RLUIPA, he must name as a defendant the government entity that he alleges violated his rights, and state what injunctive relief he is seeking.

If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted 30 days' leave to replead his claims under the Free Exercise Clause and RLUIPA.

Plaintiff must submit the amended complaint, if any, to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and

label the document with docket number 22-CV-4022 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing Plaintiff's federal law claims for failure to state a claim on which relief may be granted, and declining to consider, under its supplemental jurisdiction, any state law claims Plaintiff may be asserting.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 18, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

-against-

_____
_____
_____
_____
_____
_____
_____
_____

Jury Trial: ☐ Yes    ☐ No

(check one)

___ Civ. _____ (   )

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's     Name_____
                ID#_____
                Current Institution_____
                Address_____
                _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1     Name _____ Shield #_____
                    Where Currently Employed _____
                    Address _____
                    _____

Defendant  No. 2      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**Who did what?**

Defendant  No. 4      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.      Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.      Where in the institution did the events giving rise to your claim(s) occur?

_____

C.      What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.      Facts:_____

**What happened to you?**

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

        Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____

_____

B.     Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

     Yes _____    No _____    Do Not Know _____

C.     Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

     Yes _____    No _____    Do Not Know _____

     If YES, which claim(s)?
     _____

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

     Yes _____    No _____

     If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

     Yes _____    No _____

E.     If you did file a grievance, about the events described in this complaint, where did you file the grievance?
     _____

     1.     Which claim(s) in this complaint did you grieve?
      _____

      _____

     2.     What was the result, if any?
      _____

      _____

     3.     What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
     _____
     _____
     _____

     _____

F.     If you did not file a grievance:

     1.     If there are any reasons why you did not file a grievance, state them here:
      _____
      _____
      _____

_____
_____
_____

    2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).  _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.     Previous lawsuits:**

<div style="float:left; border:1px solid black; padding:4px; font-weight:bold;">
On<br>these<br>claims
</div>

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

        Yes _____  No _____

B.      If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

        1.      Parties to the previous lawsuit:

        Plaintiff _____
        Defendants _____

        2. Court (if federal court, name the district; if state court, name the county) _____
        _____

_____  3.      Docket or Index number _____

_____  4.      Name of Judge assigned to your case_____

        5.      Approximate date of filing lawsuit _____

        6.      Is the case still pending?  Yes _____  No _____

                If NO, give the approximate date of disposition_____

        7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
                _____
                _____

<div style="float:left; border:1px solid black; padding:4px; font-weight:bold;">
On<br>other<br>claims
</div>

C.      Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

        Yes _____     No _____

D.      If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

        1.      Parties to the previous lawsuit:

        Plaintiff _____
        Defendants _____

        2.      Court (if federal court, name the district; if state court, name the county) _____
        _____

_____  3.      Docket or Index number _____

_____  4.      Name of Judge assigned to your case_____

        5.      Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

            If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20__.

                                    Signature of Plaintiff    _____

                                    Inmate Number           _____

                                    Institution Address      _____

                                                                                _____

                                                                         _____

                                                                         _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                                    Signature of Plaintiff:   _____