UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHON TAYLOR WILLIAMS,

                     Plaintiff,

-against-

SERGEANT E. COLBY #100 GRIEVANCE
COORDINATOR CORRECTIONS
DIVISION; OFFICER C. THOMPSON #140,

                     Defendants.

22-CV-4022 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained in the Orange County Jail, is proceeding *pro se* and *in forma pauperis* (IFP). Plaintiff filed this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. Because Plaintiff alleged that Defendants violated his religious freedom, the Court construed the complaint as asserting claims under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). By order dated July 18, 2022, the Court dismissed the complaint but granted Plaintiff 30 days' leave to replead his claims under RLUIPA and the Free Exercise Clause. The Court received Plaintiff's amended complaint on August 30, 2022, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND AND DISCUSSION

      In the original complaint, Plaintiff alleged that Defendants violated his "1st Amendment Right to Freedom of Speech, Religion & Grievance," and referred the Court to various attachments to the complaint.[1] (*See* ECF 1, at 4.) In short, the documents attached to Plaintiff's

---

[1] Plaintiff attached to the complaint a "Letter of Intent to Sue" addressed to Sergeant Colby; his May 9, 2022, inmate grievance; an April 29, 2022, "Sworn Affidavit of Witnesses"; an

complaint allege that while Plaintiff, who is Muslim, was praying, he heard Officer Thompson mocking his prayer and religion. Plaintiff filed a grievance, which was denied by Sergeant Colby because the investigation found no evidence to substantiate Plaintiff's claims. Plaintiff alleged that his grievance was denied even though no hearing was conducted and no witnesses were questioned. He sought "all relief [the Court] deems fit & proper," including punitive damages. (*Id.* at 5.) The original complaint named as defendants Sergeant Colby, Officer Thompson, and "Orange County Law Enforcement."

By order dated July 18, 2022, the Court construed Plaintiff's claims against "Orange County Law Enforcement" as being asserted against the Orange County Sheriff's Office. The Court dismissed those claims because municipal agencies or departments do not have the capacity to be sued under New York law. (*See* ECF 6, at 4-5.) The Court also dismissed Plaintiff claims arising from Colby's alleged failure to investigate properly or process Plaintiff's grievance because a prisoner has no constitutional right to a grievance procedure or to have his grievances processed. (*See id.* at 5-6.)

With regard to Plaintiff's religious freedom claims under the Free Exercise Clause and RLUIPA, the Court held that Plaintiff's allegations of a single incident in which his prayers were interrupted by verbal harassment does not suggest that Defendants "substantially burdened" or "significantly interfered" with his religious beliefs. (*See id.* at 6-8.) The Court granted Plaintiff leave to replead his Free Exercise and RLUIPA claims and advised Plaintiff that, to state a claim, he must allege additional facts suggesting that Defendants "substantially burdened" or "significantly interfered with" his religious beliefs. Because RLUIPA does not create a private

---

April 30, 2022, letter addressed to "Grievance Coordinator"; the Grievance Coordinator's May 9, 2022, decision; and a May 9, 2022, letter addressed to "Your Honor."

2

right of action against state officials in their individual capacities and does not provide for monetary damages, the Court further instructed Plaintiff that if he repleads his claims under RLUIPA, he must name as a defendant the government entity that he alleges violated his rights and state what injunctive relief he is seeking.

The amended complaint is virtually identical to the original complaint. Plaintiff names as defendants Sergeant Colby and Officer Thompson. The "Facts" section of the amended complaint form again refers the Court to attached documents, which include many of the same documents Plaintiff attached to the original complaint. The attached documents contain the same factual allegations regarding the same single incident that Plaintiff described in the original complaint. (*See, e.g.*, ECF 7, at 13) (while Officer Thompson was making his rounds, he "began to make fun of [Plaintiff's] praying and the Muslim religion")). None of the documents attached to the amended complaint includes any factual allegations that were not included in the original complaint.

Because the factual allegations in the amended complaint are identical to the allegations in the original complaint, the Court dismisses the amended complaint for failure to state a claim on which relief may be granted for the reasons discussed its July 18, 2022, order. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses the amended complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   September 19, 2022
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge